**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Federica Papa*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff<br><br>    vs.<br><br>NETFLIX, INC., REED HASTINGS, AND SPENCER NEUMANN,<br><br>          Defendants. | No. 5:19-cv-04195-LHK-SVK<br><br>Hon. Lucy H. Koh<br><br>**MOTION OF FEDERICA PAPA FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: January 30, 2020<br>Time: 1:30 p.m.<br>Courtroom: 8-4th Floor |
| DEEPAK VENKATACHALAPATHY, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff<br><br>    vs.<br><br>NETFLIX, INC., REED HASTINGS, AND SPENCER NEUMANN,<br><br>          Defendants. | No. 3:19-cv-04395-LHK-SVK<br><br>Hon. Lucy H. Koh |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, on January 30, 2020 at 1:30 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Lucy H. Koh at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.      Consolidating the above-captioned related actions (the "Actions");

2.      Appointing Federica Papa ("Movant") as Lead Plaintiff;

3.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

4.      Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT.......................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED.................................................................. 2

III.    STATEMENT OF FACTS................................................................................................. 2

IV.     ARGUMENT .................................................................................................................... 3

    A.  Consolidation of The Actions Is Appropriate .................................................................. 3

    B.  Movant's Appointment as Lead Plaintiff is Appropriate ................................................. 4

        1.  The Procedure Required by the PSLRA......................................................................... 4

            a.  Movant Is Willing to Serve as Class Representative............................................. 5

            b.  Movant Has the Largest Financial Interest in the Relief Sought By the Class ..... 6

        2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil

            Procedure ................................................................................................................... 6

            a.  Movant's Claims are Typical of the Claims of all the Class Members................. 7

            b.  Movant Will Adequately Represent the Class....................................................... 8

    C.  Approval of Movant's Choice of Counsel Is Appropriate ............................................... 9

V.      CONCLUSION ............................................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERICA PAPA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 5:19-cv-04195-LHK-SVK; 3:19-cv-04395-LHK-SVK

**TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,

No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014).........................................6

*Burnett v. Rowzee*,

2007 U.S. Dist. LEXIS 89799 (C.D. Cal. Nov. 26, 2007) ...................................................3, 4

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ............................................................................................1, 6, 7

*Crawford v. Honig,*

37 F.3d 485 (9th Cir. 1994) .........................................................................................................8

*In re Drexel Burnham Lambert Grp.*,

960 F.2d 285 (2d Cir. 1992) ........................................................................................................8

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004)..................................................................................................7

*Francisco v. Abengoa, S.A.,*

No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ..................................9

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) ......................................................................................................................8

*Gold v. Lumber Liquidators, Inc.,*

323 F.R.D. 280 (N.D. Cal. 2017) .................................................................................................8

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998)...................................................................................................7, 8

*Haung v. Acterna Corp.,*

220 F.R.D. 255 (D. Md. 2004) .....................................................................................................7

*Hessefort v. Super Micro Computer, Inc,*

317 F.Supp.3d 1056 (N.D. Cal. 2018)..........................................................................................7

*Hufnagle v. Rino Int'l Corp.,*

   2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 14, 2011) ........................................................ 4

*Inchen Huang v. Depomed, Inc.,*

   289 F. Supp. 3d 1050 (N.D. Cal. 2017)................................................................................... 10

*Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht,*

   2007 U.S. Dist. LEXIS 26529 (N.D. Cal. Mar. 22, 2007) ....................................................... 3

*Isaacs v. Musk,*

   No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018).............................. 9

*In re LendingClub Sec. Litig.,*

   282 F.Supp.3d 1171 (N.D. Cal. 2017)................................................................................. 7, 8

*Levin v. Res. Capital Corp.,*

   No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015)............................. 10

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.,*

   2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014)........................................................ 4

*In re Milestone Sci. Sec. Litig.,*

    183 F.R.D. 404 (D.N.J. 1998) ................................................................................................. 7

*In re Oxford Health Plans, Inc. Sec. Litig.,*

   182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................................ 7

*Polat v. Regulus Therapeutics, Inc.,*

   No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017) 10

*Pope v. Navient Corp.,*

   No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018)............................. 10

*Robidoux v. Celani,*

   987 F.2d 931 (2d Cir. 1993) .................................................................................................... 7

*Shreves v. Xunlei Ltd.,*

   2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015) .................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERICA PAPA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 5:19-cv-04195-LHK-SVK; 3:19-cv-04395-LHK-SVK

*In re Tesla, Inc. Sec. Litig.*,

No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) ............................... 9

*In re Twitter, Inc. Sec. Litig.*,

326 F.R.D. 619 (N.D. Cal. 2018) ...................................................................................... 7

*Veal v. LendingClub Corporation*,

2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ..................................................................... 7

*Weisz v. Calpine Corp.*,

2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ..................................................... 4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ......................................................................................... 4, 5

15 U.S.C. § 78u-4(a)(3)(B).................................................................................... passim

15 U.S.C. § 78u-4(a)(3)(B)(ii)....................................................................................... 3

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................ 1, 6, 7, 8

Fed. R. Civ. P. 42(a) .................................................................................................... 3

vi

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased, or otherwise acquired securities of Netflix, Inc. ("Netflix" or the "Company") between April 17, 2019 and July 17, 2019, inclusive (the "Class Period").[1] Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Reed Hastings ("Hastings"), and Spencer Neuman ("Neuman") (collectively, the "Defendants" and excluding the Company, the "Individual Defendants").[2]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Federica Papa ("Movant"), lost approximately $407,148 as a result of the alleged fraud during the Class Period.[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[4] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] The first filed action against the Defendants entitled *Johan Wallerstein v. Netflix, Inc. et al.,* Case No. 5:19-cv-04195-LHK-SVK (the "*Wallerstein* Action") was filed in this Court on July 22, 2019. The additional complaint also filed in this Court is entitled *Deepak Venkatachalapathy v. Netflix, Inc. et al.*, Case No. 3:19-cv-04395-LHK-SVK (the "*Venkatachalapathy* Action").

[2] Specifically, Plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder against defendants Netflix, Hastings (Chief Executive Officer of Netflix), and Neumann (Chief Financial Officer of Netflix).

[3] Movant's certification identifying her transactions in Netflix, as required by the PSLRA, as well as a chart identifying her losses, are attached to the Declaration of Adam C. McCall, dated September 20, 2019 ("McCall Decl."), as Exhibits A and B, respectively.

[4] The "Class" is comprised of all persons who purchased, or otherwise acquired Netflix securities during the Class Period.

Accordingly, Movant respectfully request that (a) the Actions be consolidated; (b) she be appointed Lead Plaintiff; and (c) Levi & Korsinsky be approved as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.    Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3.    Whether Movant's choice of Lead Counsel should be approved.

## III.    STATEMENT OF FACTS

Netflix provides Internet entertainment services, primarily streaming services. ¶ 7. The Company's principal executive offices are located in Los Gatos, CA, and it is incorporated in Delaware. *Id.* Netflix's securities are traded on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "NFLX". *Id.*

At the start of the Class Period, April 16, 2019, Netflix published its letter to shareholders reporting on the first quarter of 2019. ¶ 15.  The letter included forecasts for the second quarter of 2019, mentioning that "For Q2'19, we project total paid net adds of 5.0m (-8% year over year), with 0.3m in the US and 4.7m for the international segment. This would put us at 14.6m paid net adds for the first half of 2019, up 7% year over year." *Id.* The letter further discussed the anticipated revenue growth recent price increases in the Company's subscriptions and the release of several of Netflix's strongest original programming would bring. ¶ 17.

Throughout the Class Period, Defendants made statements that were materially false and misleading because they misrepresented and failed to disclose that: (1) Netflix would not be able to gain its expected target number of new subscribers in the second quarter of 2019; (2) Netflix would also lose subscribers from the United States in the second quarter of 2019; and (3) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times. ¶ 20.

2

But the truth emerged on July 17, 2019 when Netflix released a letter to shareholders revealing that the Company missed its expected target for number of new shareholders and lost 126,000 subscribers during the second quarter of 2019. ¶ 21-22. On that same day, Netflix held an earnings call to discuss the second quarter of 2019 results. ¶ 23. On the call, Defendant Neumann discussed the reasons for the missed subscription target, stating "But we also did see in regions where we increased prices, we did see some elevated churn rates and lower retentions. So it was a combination of those 2 things. We think the primary story was around seasonality and timing and nature of our content slate, but pricing played a factor." ¶ 23. On this news, Netflix's stock price fell over 13%, or $47.34 per share to close on July 19, 2019 at $315.10 per share. ¶ 24.

## IV. ARGUMENT

### A. Consolidation of The Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Burnett v. Rowzee*, 2007 U.S. Dist. LEXIS 89799, at *5 (C.D. Cal. Nov. 26, 2007) ("The threshold issue [in determining consolidation] is whether the two proceedings involve a common party and common issues of fact or law." (citation omitted)); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, 2007 U.S. Dist. LEXIS 26529, at *5 (N.D. Cal. Mar. 22, 2007) ("[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact.").. Consolidation is particularly appropriate in securities class action

3

litigation. *See Hufnagle v. Rino Int'l Corp.*, 2011 U.S. Dist. LEXIS 19760, (C.D. Cal. Feb. 14, 2011); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014); *Shreves v. Xunlei Ltd.*, 2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp*., No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they each involve the same subject matter and are based on the same wrongful course of conduct. Each names Netflix and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Burnett*, 2007 U.S. Dist. LEXIS 89799, at *2.

### B. Movant's Appointment as Lead Plaintiff is Appropriate

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-

4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a. Movant Is Willing to Serve as Class Representative

On July 22, 2019 counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Netflix and the Individual Defendants, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Movant has reviewed the complaint filed in the pending action and has timely filed his motion pursuant to the Notice.

5

### b. Movant Has the Largest Financial Interest in the Relief Sought By the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at \*1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant transacted in Netflix securities in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. Movant suffered a substantial loss of approximately $407,148. *See* McCall Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. P. 23(a).

6

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a.  Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) she suffered the same injuries as the absent class members; (ii) she suffered as a result of the same course of conduct by Defendants; and (iii) her claims are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F.Supp.3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150

7

F.3d at 1020.) A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, purchased Netflix securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, her claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and her losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F.Supp.3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERICA PAPA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 5:19-cv-04195-LHK-SVK; 3:19-cv-04395-LHK-SVK

demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### C.  Approval of Movant's Choice of Counsel Is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as these and is well-qualified to represent the Class. *See* McCall Decl., Ex. D (the firm resume of Levi & Korsinsky). *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL

9

7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same).

## V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) Consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: September 20, 2019                        Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam C. McCall*_____
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN  316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel:  (213) 985-7290
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Federica Papa and Proposed Lead Counsel for the Class*

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERICA PAPA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 5:19-cv-04195-LHK-SVK; 3:19-cv-04395-LHK-SVK