Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Charles H. Linehan (#307439)
Pavithra Rajesh (#323055)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
Email:       lportnoy@glancylaw.com
*Attorneys for Movant Derek Selanders*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN,<br><br>Defendants. | Case No. 3:19-cv-04195-LHK<br><br>**NOTICE OF MOTION AND MOTION OF DEREK SELANDERS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       January 30, 2020<br>Time:       1:30 p.m.<br>Crtrm.:     8 – 4th Floor<br><br>The Hon. Lucy H. Koh |
| DEEPAK VENKATACHALAPATHY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN,<br><br>Defendants. | Case No. 3:19-cv-04395-SI<br><br>The Hon. Susan Illston |

MOTION TO CONSOLIDATE AND APPOINT LEAD PLAINTIFF AND COUNSEL
Case No. 3:19-cv-04195-LHK

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 30, 2020, at 1:30 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Lucy H. Koh, in Courtroom 8, 280 South 1st Street, San Jose, CA 95113, Derek Selanders ("Movant") will move this Court for entry of an Order: (i) consolidating the above-captioned related actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the above-captioned actions; (ii) appointing Movant as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Netflix, Inc. between April 17, 2019 and July 17, 2019, inclusive ("Class Period"); (iii) approving Movant's selection of counsel as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

In support of this Motion, Movant submits a Memorandum of Points and Authorities in support thereof, the Declaration of Lesley F. Portnoy and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced actions. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Derek Selanders ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation

Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.       PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that acquired Netflix, Inc. ("Netflix" or the "Company") securities between April 17, 2019 and July 17, 2019, inclusive (the "Class Period").

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members.  The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.  This motion is made on the grounds that Movant is the "most adequate plaintiff" as defined by the PSLRA.  Accordingly, Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action.

In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class.  Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class.  Additionally, Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    PROCEDURAL BACKGROUND

Plaintiff Johan Wallerstein ("Wallerstein") commenced the above-captioned case against Netflix in this District on July 22, 2019, *Wallerstein v. Netflix, Inc., et al.*, Case No. 3:19-cv-04195-LHK.

Another class action was filed making similar allegations against the same defendants as the *Wallerstein* Action: *Venkatachalapathy v. Netflix, Inc., et al.*, Case No. 3:19-cv-04395-SI. The *Wallerstein* and *Venkatachalapthy* Actions are collectively referred to herein as the "Related Actions."

## III.    FACTUAL BACKGROUND[1]

Netflix provides Internet entertainment services, primarily streaming services.

On July 17, 2019, after the market closed, Netflix revealed that the Company missed its expected target for number of new subscribers and lost 126,000 subscribers in the United States during second quarter 2019, citing "the timing of the content slate" and "increased prices."

On this news, the Company's share price fell $47.34 per share, or over 13%, over two consecutive trading sessions to close at $315.10 per share on July 19, 2019, on unusually high trading volume.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Netflix would not be able to gain its expected target of new subscribers in the second quarter of 2019; (2) that Netflix would also lose subscribers from the United States in the second quarter of 2019; and (3) that, as a result, Defendants' public statements were materially false and misleading at all relevant times.

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

## IV.    ARGUMENT

### A.    The Related Actions Should be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication.  Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues.  Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Movant's Motion is Timely

Movant has made a timely motion in response to a PSLRA early notice. On July 22, 2019, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Lesley F. Portnoy ("Portnoy Dec."), Exh. A. Therefore, Movant had sixty days or until September 20, 2019, to file a motion to be appointed as Lead Plaintiff. As a purchaser of Netflix securities during the relevant Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Portnoy Dec., Exh. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person ***or group of persons*** that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide*

*Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).  At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movant suffered a financial loss of approximately $38,127.93.  *See* Portnoy Dec., Exh. C.  To the best of his knowledge, Movant is not aware of any other adequate class member claiming larger financial losses that has filed a motion for appointment as lead plaintiff.  Movant, thus, satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008).

> **3.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Osher v. Guess? Inc.*, No. 01-cv-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001).  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at

730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)   Movant's Claims are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased Netflix securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Movant alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Netflix's operations and financial prospects. Movant's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Netflix securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

### b)   Movant Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007 SJO(CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Movant  has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action.  *See* Portnoy Dec., Exh. D (the firm's résumé).  In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

There are no facts that indicated any conflicts of interests between Movant and the other class members, and therefore Movant satisfies the typicality and adequacy requirements of Rule 23.

**C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7.  The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)).  Here, Movant has selected Glancy Prongay & Murray LLP as lead counsel for the class.  As reflected by the firm's résumé, attached to the Portnoy Dec. as Exh. D, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

**V.    CONCLUSION**

For the foregoing reasons, Movant's respectfully requests the Court to grant his motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Movant as Lead Plaintiff;

(iii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  September 20, 2019          Respectfully submitted,

                                    **GLANCY PRONGAY & MURRAY LLP**

                                    By:     /s/ Lesley F. Portnoy
                                    Lionel Z. Glancy
                                    Robert V. Prongay
                                    Lesley F. Portnoy
                                    Charles H. Linehan
                                    Pavithra Rajesh
                                    1925 Century Park East, Suite 2100
                                    Los Angeles, California 90067
                                    Telephone:  (310) 201-9150
                                    Facsimile:  (310) 201-9160
                                    Email:  lportnoy@glancylaw.com

                                    *Attorneys for Movant*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On September 20, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 20, 2019, at Los Angeles, California.

/s/ Lesley F. Portnoy
Lesley F. Portnoy

MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFF
Case No. 3:19-cv-04195-LHK