Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com

Richard W. Gonnello (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff T J Cab Management Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>          v.<br><br>NETFLIX, INC., REED HASTINGS, AND SPENCER NEUMANN,<br><br>      Defendants. | Case No. 5:19-cv-04195-LHK<br><br>**NOTICE OF MOTION AND MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DEEPAK VENKATACHALAPATHY, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN,<br><br>                    Defendants. | **CLASS ACTION**<br><br>Judge:  Hon. Lucy H. Koh<br>Date:   October 31, 2019<br>Time:   1:30 p.m.<br>Courtroom:  8 – 4th Floor<br><br>Case No. 5:19-cv-04395-LHK |

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND .......................................................................................... 3

III.  ARGUMENT .................................................................................................................. 4

A.    The Actions Should Be Consolidated ................................................................. 4

B.    TJCM Should Be Appointed Lead Plaintiff For The Class ................................ 5

      1.    The PSLRA's Provisions Concerning the Appointment of a Lead
          Plaintiff ..................................................................................................... 5

      2.    Under the PSLRA, TJCM Should Be Appointed Lead Plaintiff ............... 6

          a.    TJCM Filed a Timely Motion ........................................................ 6

          b.    TJCM Has the Largest Financial Interest in the Relief Sought
              by the Class ..................................................................................... 7

          c.    TJCM Meets Rule 23's Typicality and Adequacy
              Requirements .................................................................................. 8

C.    The Court Should Approve TJCM's Selection Of The Faruqi Firm As Lead
      Counsel ................................................................................................................ 9

IV.   CONCLUSION ............................................................................................................. 11

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Apple v. LJ Int'l, Inc.*,
   No. CV 07-6076 GAF, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008)......................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................2, 5, 6, 8

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009).......................................9, 10

*In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)...................................................................................9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .................................6, 7

*In re Diamond Foods, Inc.*,
   281 F.R.D. 405 (N.D. Cal. 2012)......................................................................................7

*Garber v. Juniper Networks, Inc.*,
   No. C 06-04327 JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) .......................................4

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004) .......................................8

*Herrera v. LCS Fin. Servs. Corp.*,
   274 F.R.D. 666 (N.D. Cal. 2011).......................................................................................8

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009)......................................................................................8

*Lloyd v. CVB Fin. Corp.*,
   No. CV 10-06256 MMM, 2011 WL 13128303 (C.D. Cal. Jan. 21, 2011)..........................4, 5

*Lopes v. Fitbit, Inc.*,
   No. 18-CV-06665-JST, 2019 WL 1865926 (N.D. Cal. Apr. 25, 2019) ...................................5

*Query v. Maxim Integrated Prods.*,
   558 F. Supp. 2d 969 (N.D. Cal. 2008) .................................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................................5

*Weisz v. Calpine Corp.*,
   No. 4:02–CV–1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002)................................5, 9

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL   No. 5:19-cv-04195-LHK**

*Yanek v. Staar Surgical Co.*,
    No. CV 04-8007 SJO, 2004 WL 5574358 (C.D. Cal. Dec. 15, 2004)......................................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...........................................................................................10

**Statutes**

15 U.S.C. §§ 78u-4(a) ............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) .............................................................................................................2, 4

Rule 23(a)(4).............................................................................................................................8

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 31, 2019, at 1:30 p.m.., or as soon thereafter as the matter may be heard before the Honorable Lucy H. Koh, in Courtroom 8, 4th Floor, located at 280 South 1st Street, San Jose, CA 95113, T J Cab Management Inc. ("TJCM") will move this Court for an order (1) consolidating the above-captioned actions (the "Actions"); (2) appointing it as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u- 4(a)(3)(B); (3) approving its selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel; and (4) granting such other relief as the Court may deem just and proper.  In support of its motion, TJCM respectfully submits a Memorandum of Law and the Declaration of Benjamin Heikali.

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the above-captioned actions should be consolidated.

2.    Whether TJCM should be appointed as Lead Plaintiff.

3.    Whether TJCM's selection of Faruqi Firm as Lead Counsel should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant TJCM, on behalf of itself and the putative Class defined herein, respectfully submits its memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u- 4(a)(3)(B), in support of its motion for the entry of an order (1) consolidating the Actions; (2) appointing TJCM as Lead Plaintiff; and (3) approving TJCM's selection of the Faruqi Firm as Lead Counsel.[1]

## I.    INTRODUCTION

Presently pending in this District are the above-captioned securities class Actions brought on behalf of a putative class (the "Class") of persons other than Defendants who purchased or otherwise acquired the publicly traded securities of Netflix, Inc. ("Netflix" or the "Company")

---

[1]    All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

1

between April 17, 2019 and July 17, 2019, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act.[2]  In connection therewith, various movants may seek to be appointed Lead Plaintiff and approval of their selection for Lead Counsel.

As an initial matter, the Court must decide whether to consolidate the Actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate actions before it that involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission (the "SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and certain of its officers.  As the Actions raise common questions of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the consolidated Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the movant who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

With total losses of $355,601.57, TJCM, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  TJCM also satisfies Rule 23's typicality and adequacy requirements.  TJCM's claims are typical of the Class's claims because it suffered losses in its Netflix investments as a result of the defendants' false and misleading statements.  Further, TJCM has no conflict with the Class and will adequately protect the Class's interests given its significant financial stake in the litigation and its conduct to date in prosecuting the litigation,

---

[2]    The following Actions are pending in this Court:  (1) *Wallerstein v. Netflix, Inc., et al.*, No. 5:19-cv-04195-LHK (N.D. Cal.) (the "*Wallerstein* Action"), which was commenced on July 22, 2019; and (2) *Venkatachalapathy v. Netflix, Inc., et al.*, No. 5:19-cv-04395-LHK (N.D. Cal.) (the "*Venkatachalapathy* Action"), which was commenced on July 31, 2019.  Both Actions assert the same class period.  *See Wallerstein* Action, Class Action Complaint For Violations Of The Federal Securities Laws ("*Wallerstein* Compl."), ECF No. 1 at ¶1; *Venkatachalapathy* Action, Class Action Complaint For Violations Of The Federal Securities Laws ("*Venkatachalapathy* Compl."), ECF No. 1 at ¶1.

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

including its submission of the requisite certification and its selection of experienced class counsel. Accordingly, TJCM is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, TJCM is entitled to select, subject to the Court's approval, Lead Counsel to represent the putative Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). TJCM has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, TJCM's motion should be granted in its entirety.

## II.    FACTUAL BACKGROUND

Netflix is a Delaware corporation with its principal executive offices in Los Gatos, California. *Wallerstein* Compl. ¶7; *Venkatachalapathy* Compl. ¶7. Netflix provides internet entertainment services, primarily streaming. *Wallerstein* Compl. ¶7; *Venkatachalapathy* Compl. ¶7.

The complaints filed in the Actions allege that during the Class Period Defendants knowingly and/or recklessly made materially false and misleading statements and/or omitted the following material facts necessary to make their statements not misleading: (1) Netflix would not be able to gain its expected target number of new subscribers in the second quarter of 2019; (2) Netflix would also lose subscribers from the United States in the second quarter of 2019; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Wallerstein* Compl. ¶20; *Venkatachalapathy* Compl. ¶20.

The truth emerged on July 17, 2019, when after the market closed Netflix released a letter to shareholders stating in relevant part, that "[p]aid membership grew by 2.7m, less than the 5.5m in Q2 a year ago and [its] 5.0m Forecast." *Wallerstein* Compl. ¶21; *Venkatachalapathy* Compl. ¶21. The Company also revealed that the Company lost 126,000 subscribers in the United States during the second quarter of 2019. *Wallerstein* Compl. ¶22; *Venkatachalapathy* Compl. ¶22. During an earnings call head that same day, Defendant Neumann discussed the reasons for the missed subscription target, attributing the miss to "timing of [Netflix's] content slate" and that "in regions

where [Netflix] increased prices, [it] did see some elevated churn rates and lower retentions." *Wallerstein* Compl. ¶23; *Venkatachalapathy* Compl. ¶23.

On this news, shares of Netflix plummeted $47.34 per share, or over 13%, over the next two trading days to close at $315.10 per share on July 19, 2019. *Wallerstein* Compl. ¶24; *Venkatachalapathy* Compl. ¶24.

Through the Actions, TJCM seeks to recover for itself and absent Class members the substantial losses that were suffered as a result of the Company's and its officers' fraud.

**III. ARGUMENT**

**A. The Actions Should Be Consolidated**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [ ] has been filed," the court shall not determine the most adequate plaintiff "until the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered.").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO (CWx), 2004 WL 5574358, at *3-4 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions); *Garber v. Juniper Networks, Inc.*, No. C 06-04327 JW, 2006 WL 3365547, at *1 (N.D. Cal. Nov. 20, 2006) ("A district court has broad discretion to consolidate actions involving common issues of law or fact."). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011) (noting that "slight differences in class periods, parties, or damages . . . does not necessarily defeat consolidation where the essential claims and factual allegations are similar" and finding consolidation appropriate where it will conserve

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

judicial resources and "avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that subsequently damaged the Class when the truth emerged.  Consolidation of the Actions is therefore appropriate.  *Lopes v. Fitbit, Inc.*, No. 18-CV-06665-JST, 2019 WL 1865926, at *1 (N.D. Cal. Apr. 25, 2019) (consolidation is appropriate where the complaints are based on the same statements); *Weisz v. Calpine Corp.*, No. 4:02–CV–1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims.").

**B.      TJCM Should Be Appointed Lead Plaintiff For The Class**

**1.      The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as the lead plaintiff.  *Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as the lead plaintiff the movant that the Court determines to be "most

5

capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.    Under the PSLRA, TJCM Should Be Appointed Lead Plaintiff

As discussed below, TJCM should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, TJCM holds the largest financial interest of any movant, and TJCM otherwise satisfies Rule 23's typicality and adequacy requirements.

### a.    TJCM Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for first-filed plaintiff Johan Wallerstein published notice of the lead plaintiff deadline via *Business Wire* on July 22, 2019.[3] *See* Ex. 1.[4] Consequently, any member of the proposed Class in the Actions was required to file a motion seeking to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before September 20, 2019). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus,

---

[3]    Publication by *Business Wire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *3 (N.D. Cal. Jan. 9, 2012) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement).

[4]    All references to Exhibits are references to the exhibits annexed to the Declaration of Benjamin Heikali filed in support hereof.

6

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

TJCM's motion is timely filed.  Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, TJCM timely signed and submitted a certification with its motion, identifying all of its relevant transactions in Netflix securities during the Class Period, and detailing its suitability to serve as Lead Plaintiff.  *See* Ex. 2.  The PSLRA's procedural requirements have therefore been met.

### b.    TJCM Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant.  *See Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008).  Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant.  *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *Juniper Networks*, 2012 WL 78780, at *4 ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses.).

Overall, during the Class Period, TJCM purchased 160 net and 7,000 total Netflix shares, expended -$100,554.53 in net funds, and suffered losses of $355,601.57 when calculated using a last in, first out ("LIFO") methodology.  *See* Ex. 3; *see also Juniper Networks*, 2012 WL 78780, at *4 (stating that "[t]his and other courts have approved" LIFO as a "reasonable accounting methodology").  TJCM is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

### c.   TJCM Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *see Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct."  *Hodges*, 263 F.R.D. at 532.  However, a movant's "claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

TJCM's claims are clearly typical of the Class's claims.  TJCM purchased Netflix common stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and, as a result, possesses claims against Netflix and its officers under the federal securities laws.  Because the factual and legal bases of its claims are similar, if not identical, to those of the Class's claims, TJCM necessarily satisfies the typicality requirement.  *Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  Adequate representation will be found if able and

8

experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *See Weisz v. Calpine Corp.*, No. 4:02–CV–1200, 2002 WL 32818827, at *9 (N.D. Cal. Aug. 19, 2002) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.").

Based on the representations in TJCM's certification, its interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as the lead plaintiff). Moreover, TJCM has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained in Section III.C below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. 4. Consequently, TJCM is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, TJCM respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

**C.     The Court Should Approve TJCM's Selection Of The Faruqi Firm As Lead Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. TJCM has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. 4; *see also In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume

9

indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors.  *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel for the class, the firm obtained preliminary approval of a $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp. Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as

**MOTION OF T J CAB MANAGEMENT INC. FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) AND APPROVAL OF LEAD COUNSEL    No. 5:19-cv-04195-LHK**

co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

## IV.   CONCLUSION

For the foregoing reasons, TJCM respectfully requests that the Court (1) consolidate the Actions; (2) appoint TJCM as Lead Plaintiff; (3) approve its selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  September 20, 2019                    Respectfully submitted,

By: /s/ *Benjamin Heikali*
         Benjamin Heikali

**FARUQI & FARUQI, LLP**
Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com

Richard W. Gonnello (*pro hac vice* forthcoming)

11

685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff
T J Cab Management Inc. and Proposed Lead
Counsel for the putative Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:    */s/ Benjamin Heikali*
Benjamin Heikali