POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant Ralph Sears*
*and Proposed Lead Counsel for the Class*

(*additional counsel on signature page*)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN,<br><br>Defendants. | Case No.: 5:19-cv-04195-LHK<br><br>NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  January 30, 2020<br>Time:  1:30 p.m.<br>Judge:  Hon. Lucy H. Koh<br>Courtroom:  8 – 4th Floor |

(*caption continues on following page*)

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

| | |
|---|---|
| DEEPAK VENKATACHALAPATHY, Individually and on behalf of all others similarly situated, | Case No.: 5:19-cv-04395-LHK |
| Plaintiff, | |
| v. | CLASS ACTION |
| NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN, | |
| Defendants. | |

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................. 1

STATEMENT OF ISSUES .......................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I.    PRELIMINARY STATEMENT ...................................................................................... 2

II.   STATEMENT OF FACTS ............................................................................................... 4

III.  ARGUMENT .................................................................................................................... 6

      A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 6

      B.    SEARS SHOULD BE APPOINTED LEAD PLAINTIFF .................................... 6

            1.    Sears is Willing to Serve as Class Representative ................................... 7

            2.    Sears Is the Most Adequate Plaintiff within the Meaning of the PSLRA . 8

                  a.    Sears Has the Largest Financial Interest in the Action ................. 8

                  b.    Sears Otherwise Satisfies the Requirements of Rule 23 ............... 9

      C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
          APPROVED ....................................................................................................... 11

IV.   CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
    2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ...................................................... 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
    2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ............................................................ 8

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .................................................................................................. 9

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................................. 9

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
    2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........................................................ 9

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................. 9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................................... 8, 9

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
    2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ...................................................... 1, 6

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ........................................................ 8

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...................................................... 11

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ................................................. 1, 6, 9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................................ 10

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
    2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ................................................... 1, 6

**Statutes**

15 U.S.C. 77Z-1(a)(3)(A)(ii) ...................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 7, 8

15 U.S.C. §78u-4(a)(3)(B)(i) ............................................................................................... 2, 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii)........................................................................................ 6, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)........................................................................................ 9

15 U.S.C. §78u-4(a)(3)(B)(v) .................................................................................................... 2

## **Rules**

Fed. R. Civ. P. 23...............................................................................................................*passim*

Fed. R. Civ. P. 42............................................................................................................... 1, 2, 6

**NOTICE OF MOTION**

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on January 30, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh in Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California 95133, Ralph Sears ("Sears") will and hereby does respectfully move this Court pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)") and Securities Exchange Act ("Exchange Act") Section 21D(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Sears as Lead Plaintiff in the consolidated action on behalf a class (the "Class") of all persons who purchased or otherwise acquired the securities of Netflix, Inc. ("Netflix") during the class period extending between April 17, 2019 and July 17, 2019, both dates inclusive, as may be amended in the future (the "Class Period"); and (3) approving Sears's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

To the extent that this motion seeks consolidation, it is made on the grounds that the above-captioned actions are putative class actions alleging violations of the federal securities laws by the same Defendants and arising from the same alleged fraudulent misconduct. As such, the above-captioned actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

To the extent that this motion seeks appointment of Sears as Lead Plaintiff and approval of his selection of counsel, it is made on the grounds that Sears is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

Sears's appointment as Lead Plaintiff.  Sears believes that he is entitled to a rebuttable presumption favoring his appointment, since he has the "largest financial interest" in the relief sought by the Class in this Action by virtue of, *inter alia*, the significant number of Netflix securities that Sears purchased during the Class Period and retained at the end of the Class Period, the net amount Sears expended on those purchases, and the significant losses that Sears incurred in connection with those purchases as a result of the alleged fraud at issue.  Sears also satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent their interests.  In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  Sears's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the consolidated action effectively and expeditiously under Sears's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## STATEMENT OF ISSUES

1.    Whether consolidation of the Related Actions is warranted pursuant to Rule 42.

2.    Whether Sears is the "most adequate plaintiff," pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i), such that he should be approved as the Lead Plaintiff in this securities fraud class action lawsuit.

3.    Whether to approve Sears's selection of Lead Counsel, Pomerantz, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Netflix and certain of its officers (collectively, "Defendants") defrauded investors who purchased or otherwise acquired Netflix securities during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

(15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting Netflix's business, operations, and financial performance. Netflix investors, including Sears, incurred significant losses following the disclosure on July 17, 2019 that Netflix had missed its expected target for number of new subscribers. Following this news, Netflix's share price fell sharply, on high trading volume, damaging Sears and other investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. *Id.*. Sears believes that he should benefit from a rebuttable presumption arising from his having the largest financial interest in this litigation. Sears purchased 16,305 shares of Netflix common stock during the Class Period, expended $5,833,897 on his purchases, retained 6,900 of his Netflix shares at the end of the Class Period, and incurred losses of approximately $317,159 in connection with his Class Period purchases of Netflix stock. *See* Pafiti Decl., Ex. A.

Beyond his significant financial interest, Sears also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Sears has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of

investors in Yahoo! securities.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

For the foregoing reasons, Sears respectfully requests that the Court enter an order consolidating the Related Actions, appointing Sears as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.    STATEMENT OF FACTS

As alleged in the initial Complaints, Netflix provides Internet entertainment services, primarily streaming services.  The Company is incorporated in Delaware and its principal executive offices are located at 100 Winchester Circle, Los Gatos, CA 95032.  Netflix securities are traded on NASDAQ under the ticker symbol "NFLX."

The Complaints in the Related Actions allege that Defendants made false and/or misleading statements and/or failed to disclose that: (i) Netflix would not be able to gain its expected target number of new subscribers in the second quarter of 2019; (ii) Netflix would also lose subscribers from the United States in the second quarter of 2019; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On July 17, 2019, after the market closed, Netflix released a letter to shareholders which revealed that Netflix missed its expected target for number of new subscribers, stating in relevant part:

> *Paid membership grew by 2.7m, less than the 5.5m in Q2 a year ago and our 5.0m Forecast.*

*      *      *

> *Our missed forecast was across all regions, but slightly more so in regions with price increases.* We don't believe competition was a factor since there wasn't a material change in the competitive landscape during Q2, and competitive intensity and our penetration is varied across regions (while our over-forecast was in every region). Rather, *we think Q2's content slate drove less growth in paid net adds than we anticipated*. Additionally, Q1 was so large for us (9.6m net adds), there may have been more pull-forward effect than we realized. In prior quarters with over-forecasts, we've found that the underlying long-term

4

growth was not affected and staying focused on the fundamentals of our business served us well. *Q3 has started with Stranger Things season 3, and the first two weeks of Q3 are strong. In addition to the recently released season 3 of Stranger Things, our second half content slate includes new seasons of La Casa de Papel (Money Heist), The Crown, and the final season of the iconic Orange is the New Black as well as big films like The Irishman from Martin Scorsese and action movie 6 Underground (directed by Michael Bay and starring Ryan Reynolds).*

(Emphasis added.)

The letter to shareholders revealed that Netflix lost 126,000 subscribers in the United States during the second quarter of 2019.

Also on July 17, 2019, Netflix held an earnings call to discuss the second quarter of 2019 results. On the call, Defendant Neumann discussed the reasons for the missed subscription target, stating in relevant part:

I mean generally when we looked at the -- the slowdown in subscriber growth was across all of our regions. So you talk about our kind of top of funnel or gross adds, we saw that slowdown across the board, which indicates to us some level of seasonality and kind of the overall, as we say, *the kind of timing of the content slate*. And also, frankly, maybe a little bit more pull forward of our subscriber growth from Q2 to Q1 because we had such a strong Q1 with 9.7 million paid net adds. *But we also did see in regions where we increased prices, we did see some elevated churn rates and lower retentions. So it was a combination of those 2 things. We think the primary story was around seasonality and timing and nature of our content slate, but pricing played a factor.*

(Emphasis added.)

On this news, shares of Netflix plummeted $47.34 per share, or over 13%, over the next two trading days to close at $315.10 per share on July 19, 2019, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

5

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 U.S. Dist. LEXIS, at *6; *Mulligan*, 2013 U.S. Dist. LEXIS, at *10; *Woburn Ret. Sys.*, 2012 U.S. Dist. LEXIS, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 77Z-1(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B.    SEARS SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the first-filed of the Related Actions, which in this case was published on July 22, 2019 (*see* Pafiti Decl., Ex. B).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).  Sears's instant motion is thus timely and must be considered.

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Sears is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). As set forth below, Sears satisfies all three of these criteria and thus believes that he is entitled to the rebuttable presumption that he is the most adequate plaintiff within the meaning of the PSLRA. Specifically, Sears has the largest financial interest in the Action to his knowledge and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Sears respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing this litigation.

### 1.    Sears is Willing to Serve as Class Representative

On July 22, 2019, counsel for Johan Wallerstein, the plaintiff in first of the Related Actions to be filed, caused a notice (the "Notice") to be published over *Business Wire* pursuant to §21D(a)(3)(A)(i) of the PSLRA, which announced the pendency of that action and advised investors in Netflix securities that they had 60 days—i.e., until September 20, 2019—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B. Sears has filed the instant motion pursuant to that Notice, and has attached a Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Under the PSLRA, Sears's actions were timely and legally

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

sufficient. Accordingly, Sears readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Sears Is the Most Adequate Plaintiff within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Sears is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a.    Sears Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Sears has the largest financial interest of any Netflix investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS

2776, at \*10-\*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

During the Class Period, Sears: (1) purchased 16,305 shares of Netflix common stock; (2) expended $5,833,897 in net funds on his purchases of Netflix stock; (3) retained 6,900 of his shares of Netflix stock; and (4) incurred losses of approximately $317,159 in connection with his transactions in Netflix stock. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Sears believes that he has the largest financial interest among any potential lead plaintiff movants in this Action, thereby entitling Sears to a rebuttable presumption that he is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Fed. R. Civ. P. 23.

### b.      Sears Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable "most adequate plaintiff" presumption, the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at \*9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*13 (N.D. Cal. Jan. 25, 2017). Sears readily passes muster.

Sears satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at \*16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Sears's claims are typical of those of the Class members.

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

Like all Class members, Sears alleges that: (1) Defendants violated the Exchange Act by knowingly or recklessly making false or misleading statements of material facts and/or omitting to disclose material facts concerning Netflix; (2) Sears and the Class members purchased Netflix securities during the Class Period at prices allegedly inflated by Defendants' misrepresentations or omissions; (3) Sears and the Class members were damaged upon the revelation of Defendants' alleged fraud through partial corrective disclosures that drove Netflix's stock price downward.  These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Sears's typicality under Rule 23(a)(3).

Sears also satisfies the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Sears has submitted a signed Certification declaring his commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  Sears has no conflicts of interest or antagonism with the Class of Netflix investors he seeks to represent.  Sears's significant losses from his Class Period trades in Netflix securities demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

In addition, Sears has further demonstrated his ability to pursue securities fraud claims through his choice of counsel, Pomerantz, one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.C., *infra*.  Sears's and Pomerantz's willingness and ability to zealously litigate the claims in this action on behalf of the Class cannot reasonably be questioned.

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc*., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Sears has selected Pomerantz to serve as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Pafiti Decl., Ex. D.  Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.  Courts in the Ninth Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in many actions pending within the Ninth Circuit, including *Staublein v. ACADIA Pharmaceuticals, Inc.*, No. 18-cv-01657 (C.D. Cal.); *Barnes v. Edison International*, No. 18-cv-09690 (C.D. Cal.); and *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-00479 (D. Nev.).

As a result of their extensive experience in similar litigation, Sears's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute this litigation effectively and expeditiously.  The Court may be assured that by approving Sears's selection of Pomerantz as Lead Counsel, the Class members will receive the

best legal representation available.   Thus, Sears respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Sears respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Sears as Lead Plaintiff for the Class; and (3) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 20, 2019             Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Ralph Sears and*
*Proposed Lead Counsel for the Class*

12

## **PROOF OF SERVICE**

I hereby certify that on September 20, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF RALPH SEARS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-04195-LHK; 5:19-cv-04395-LHK