KEITH E. EGGLETON, State Bar No. 159842
Email:  keggleton@wsgr.com
RODNEY G. STRICKLAND, State Bar No. 161934
Email: rstrickland@wsgr.com
SEAN P. KILLEEN, State Bar No. 320644
Email: skilleen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants
Netflix, Inc., Reed Hastings, and
Spencer Neumann

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOHAN WALLERSTEIN, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NETFLIX, INC., REED HASTINGS, and SPENCER NEUMANN<br><br>        Defendants. | Case No.: 5:19-cv-04195-LHK<br><br>CLASS ACTION<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

Pursuant to Civil Local Rules 3-12 and 7-11, defendants Netflix, Inc. ("Netflix"), Reed Hastings, and Spencer Neumann (collectively, "Defendants") hereby move for consideration of whether the proposed shareholder derivative actions *Lovoi v. Hastings*, No. 5:19-cv-07303-EJD (N.D. Cal. filed Nov. 6, 2019) (the "*Lovoi* Derivative Action") and *Moore v. Hastings*, No. 5:19-cv-07748-RS (N.D. Cal. filed Nov. 25, 2019) (the "*Moore* Derivative Action", and together with the *Lovoi* Derivative Action, the "Derivative Actions") are related to this earlier-filed securities class action.[1]

Significantly, the *Lovoi* plaintiff and the *Moore* plaintiffs agree that their actions are related to this action pursuant to Civil Local Rule 3-12.  *See* Declaration of Sean Killeen ("Killeen Decl."), ¶ 5 and Ex. A.[2]

Defendants submit (and the Derivative Action plaintiffs agree) that the Derivative Actions and this securities class action are related under Civil Local Rule 3-12(a) because each concerns the same general events, similar statements, and overlapping parties and issues.   Specifically, the plaintiff in this action and the plaintiffs in the Derivative Actions base many of their claims on the same statements made on April 16, 2019, regarding Netflix's guidance for its second quarter of 2019.  *Compare* Complaint (Dkt. No. 1) at ¶ 15, 20, *with* Killeen Decl., Ex. B ¶ 27, 40 and Killeen Decl., Ex. C ¶ 68, 75.  Additionally, plaintiff in this action and the Derivative Actions plaintiffs all claim that statements made on behalf of Netflix during its April 16, 2019 earnings call allegedly failed to address the potential risk that price increases might impact the company's ability to add new subscribers. *See* Complaint ¶ 18, Killeen Decl., Ex. B ¶¶ 28, 29, and Killeen Decl., Ex. C ¶¶71, 72.

---

[1] The Court has previously related the securities class action *Venkatachalapathy v. Netflix, Inc.*, No. 3:19-cv-04395-LHK (N.D. Cal. filed July 31, 2019) ("*Venkatachalapathy*"), to this action.  *See* Dkt. No. 15.  While this action and *Venkatachalapathy* have been related, they have not been consolidated and a lead plaintiff has not been appointed.  The Motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel are noticed for hearing on January 30, 2020. *See* Dkt. No. 36.

[2] The stipulation required by Civil L.R. 3-12 is attached as Exhibit A to the Killeen Declaration.  For the Court's convenience, the *Lovoi* complaint is attached to the Killeen Declaration as Exhibit B and the *Moore* complaint is attached as Exhibit C.

The *Lovoi* plaintiff alleges Netflix's April 2019 guidance failed to "disclose that Netflix would have issues enrolling new subscribers and did not disclose that a recently implemented price increase would increase churn in U.S. subscribers." Killeen Decl., Ex. B ¶ 40. The *Moore* plaintiffs similarly claim that the April 2019 guidance was "false and/or misleading because . . . (1) Netflix would not be able to add anywhere close to the amount of new subscribers in Q2 2019 that it was forecasting; [and] (2) price increases, especially in the United States, would have a material negative impact on subscriber growth during Q2 2019[.]" Killeen Decl., Ex. C ¶ 75. Like the plaintiffs in the Derivative Actions, the plaintiff here claims the April 2019 guidance amounted to "false and/or misleading statements and/or [a] fail[ure] to disclose that: (1) Netflix would not be able to gain its expected target number of new subscribers in the second quarter of 2019; [and] (2) Netflix would also lose subscribers from the United States in the second quarter of 2019[.]" Complaint ¶ 20.

The actions also involve substantially the same statements from July 17, 2019. *Compare* Complaint ¶ 23 with Killen Decl., Ex. B ¶ 33 and Killeen Decl., Ex C ¶ 78 (quoting the same statement from the July 2019 earnings call). The plaintiffs in each of the actions attempt to tie these statements to the same alleged harm: a drop in Netflix's stock price. *Compare* Complaint ¶ 24, *with* Killen Decl., Ex. B ¶ 35 and Killeen Decl., Ex. C ¶ 79.

The Derivative Actions also include the same defendants as this action, plus the members of Netflix's Board of Directors.[3]

Finally, the *Lovoi* plaintiff and the *Moore* plaintiffs explicitly cite to the existence of, and allegations in, this action as a basis for their claims to derivative relief on behalf of Netflix. Killeen Decl., Ex. B, at 1:8-10, ¶ 42 ("The false and misleading statements have subjected Netflix to two securities class actions . . . that assert that the statements made on April 16, 2019 were false and misleading . . . The lawsuits expose Netflix to millions of dollars in legal fees and potential damages."); Killeen Decl., Ex. C ¶ 83 (identifying the "legal fees associated with the

---

[3] The *Moore* Action does not name Spencer Neumann, Netflix's Chief Financial Officer.

DEFENDANTS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO.: 5:19-CV-04195-LHK

-2-

Securities Class Action filed against the Company, its CEO, and its CFO, any internal investigations, and amounts paid to outside lawyers," as a source of damage caused to Netflix).

For these reasons, and given the substantial factual and legal overlap among these actions, "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(2).  As such,  the Court and the parties to this action and to the Derivative Actions will recognize efficiencies and economies of scale by relating these matters.

Accordingly, Defendants respectfully request this Court to find that the *Lovoi* Derivative Action and the *Moore* Derivative Action are related to this action, and reassign them to this Court.

Respectfully submitted,

Dated:  December 11, 2019

By: /s/ Keith E. Eggleton
Keith E. Eggleton

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Attorneys for Defendants